USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/26/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
PAUL L. PEREZ,                                                   :
                                                                 :         **OPINION AND ORDER**
                Plaintiff,                                :         18-CV-5990 (KHP)
                                                                 :
     -against-                                                 :
                                                                 :
COMMISSIONER OF SOCIAL SECURITY,                                 :
                                                                 :
                Defendant.                                :
                                                                 :
-----------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

       Plaintiff Paul L. Perez, proceeding *pro se*, filed this action pursuant to 42 U.S.C. §§ 405(g) and 1382(c)(3), seeking judicial review of a decision of the Commissioner of Social Security (the "Defendant" or "Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). For the following reasons, the Commissioner's motion to dismiss is **GRANTED**.

## BACKGROUND

       Plaintiff filed an application for SSI benefits on June 23, 2017 for diabetes with foot calluses and neuropathy, depression, and ADHD. (Doc. No. 16, Declaration of Cristina Prelle, dated August 3, 2018 ("Prelle Decl."), Exhibit ("Ex.") 1.)[1] An administrative law judge issued an unfavorable decision, denying Plaintiff's application for SSI. (Prelle Decl. ¶ 3(a), Ex. 1.) Plaintiff then requested review of the decision by the Appeals Council, which denied Plaintiff's request.

---

[1] The Government submitted both the Administrative Law Judge's June 23, 2017 decision finding Plaintiff not disabled, as well as the Prelle Declaration in support of its motion to dismiss. Prelle is Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability and Review, Social Security Administration.

(Prelle Decl. ¶ 3(a), Ex. 2.)  The Appeals Council mailed Plaintiff its Notice of Appeals Council Action dated April 18, 2018 (the "Notice"), advising Plaintiff as to its decision and his right to commence a civil action within sixty days of receipt of the Notice, which would be presumed to be five days after the date of the Notice.  (Prelle Decl. Ex. 2; Doc. No. 2.)  The Notice also informed Plaintiff that if he could not file a civil action within sixty days, he could ask the Appeals Council to extend his time to file if he had a good reason for needing more time.  (Prelle Decl. Ex. 2; Doc. No. 2.)

Plaintiff commenced this action *pro se* on July 2, 2018, informing the Court that he had received the Notice on April 21, 2018.  (Doc. No. 2.)  In a separate filing with the Court, the Plaintiff acknowledged that he had not timely filed the complaint.  (Doc. No. 3.)  The Plaintiff further explained that he was "suffering from heart problems and [his] kidneys are in fail[ure]. [He] suffered a heart attack and needed to recover for [him] to be able to come and file the motion."  (*Id.*)  Attached to the filing was a signature page from a hospital discharge form and dated June 19, 2018.  (*Id.*)

Defendant, on September 5, 2018, wrote to the Plaintiff informing him of their position that his complaint was late and subject to dismissal.  (Doc. No. 17, Declaration of Leslie A. Ramirez-Fisher Decl., dated November 8, 2018 ("Ramirez-Fisher Decl.") ¶ 1, Ex. 1.)  The letter further asked the Plaintiff to provide documentation of the illnesses and hospitalization that prevented him from timely filing his complaint.  (*Id.*)  Plaintiff did not provide any documentation.  (Doc. No. 21 at 3.)

On November 8, 2018, the Commissioner moved to dismiss the Complaint as untimely pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative Federal Rule 56.  (Doc.

No. 15.) On November 9, 2018, the Court issued an order directing Plaintiff to file an opposition to the motion by December 14, 2018. (Doc. No. 23.) Plaintiff did not oppose the motion to dismiss and has not otherwise communicated with the Court subsequent to consenting this Court's jurisdiction. (*See* Doc. No. 11)

## DISCUSSION

### I. Legal Standard

The exclusive remedy for a plaintiff who seeks judicial review of the Commissioner's final decision is provided by Sections 205(g) and (h) of the Social Security Act. 42 U.S.C. §§ 405(g), (h); *see also Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988) (*per curiam*). The provisions set forth a sixty-day period in which a plaintiff must commence his or her civil suit, "or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The sixty-day period begins on the date the Notice is received, and a Plaintiff is presumed to have received the Notice five days after it is dated. 20 C.F.R. 422.210(c); *see also Wong,* 854 F.2d at 631. Further, the Clerk's Office must receive the Plaintiff's complaint within the sixty-day period. *See Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 78 (2d Cir. 2003).

Because the limitations period "defines the terms on which the United States waives its sovereign immunity and consents to be sued, it is strictly construed," barring exceptional circumstances, even when the delay is minor. *Davila v. Barnhart,* 225 F. Supp. 2d 337, 338-340 (S.D.N.Y. 2002) (citations omitted) (applying the limit as a time-bar even when the plaintiff "filed her complaint only one day late"); *see also Randell v. United. States*, 64 F.3d 101, 106 (2d Cir. 1995); *Borrero v. Colvin*, No. 14CV5304-LTS-SN, 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19,

2015) (collecting cases). Therefore, "[f]ailure to file a complaint within the statutory limitation most often requires dismissal of the case, even where the delay is minor and the plaintiff is *pro se*." *Borrero*, 2015 WL 1262276, at *3. There are, however, cases where the equities in favor of tolling the limitations period are "so great that deference to the agency's judgment is inappropriate." *Bowen v. City of N.Y.*, 476 U.S. 467, 480 (1986) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)). To qualify for equitable tolling, a plaintiff must "show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstances stood in his way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Courts in this district have granted equitable tolling in circumstances including "where the Commissioner failed to provide adequate notice of the procedural rules governing requests for extensions of filing time," or "where a *pro se* claimant received conflicting information about the filing deadline." *Davila*, 225 F. Supp. 2d at 339 (collecting cases). Plaintiff bears the burden of establishing the exceptional circumstances warranting equitable tolling, *Davila*, 225 F. Supp. 2d at 339, and it should only be applied in the "rare case," *Bowen*, 476 U.S. at 481.

A statute of limitations defense based exclusively on dates contained in the complaint or appended materials may be properly asserted by a defendant in a Rule 12(b)(6) motion. *Rodriguez ex rel. J.J.T. v. Astrue,* No. 10-cv-9644(PAC) (JLC), 2011 WL 7121291, at *2 (S.D.N.Y. July 25, 2011), *adopted by*, 2012 WL 292382, at *1-2 (S.D.N.Y. Jan.31, 2012). Indeed, a motion to dismiss on statute of limitations grounds generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). *Id.* (quotations omitted). Accordingly, the Court "must accept all factual allegations in the

4

complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Jaghory v. N. Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997) (citations omitted). Further, as the Plaintiff is proceeding *pro se*, the Court must read their pleadings "liberally and interpret them to raise the strongest argument that they may suggest." *Ayala v. Colvin*, No. 15CIV7041CSPED, 2016 WL 4119925, at *2 (S.D.N.Y. Aug. 2, 2016) (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted).)

## II. Application of Legal Standard

The Commissioner argues that Plaintiff's action is barred by the time limitation specified in section 205(g) of the Act because it was not commenced within sixty days after the final decision of the Commissioner. (Doc. No. 21.) The Appeals Council issued its decision denying Plaintiff's request for review in the Notice dated April 18, 2018. (Prelle Decl. Ex. 2; Doc. No. 2.). The Notice expressly informed the Plaintiff that he had sixty days from receipt of the Notice to file a complaint and that he would be presumed to have received the notice five days after the Notice was dated. (Prelle Decl. Ex. 2; Doc. No. 2.) There is no dispute that Plaintiff received the notice and that the notice was dated April 18, 2018. (Doc. No. 2). The Plaintiff acknowledged that he received the Appeals Council letter on April 21, 2018. (Doc. No. 3.) Because the Plaintiff is presumed to have received the letter within five days of the notice, the Plaintiff was required to file his complaint by June 22, 2018 at the latest. Plaintiff's complaint was not filed until July 2, 2018, ten days after his time expired, and is thus time-barred. (Doc. No. 2.)

Plaintiff claimed that his health issues prevented him from filing his Complaint, specifically that needed time to recover from a heart attack. (Doc. No. 3.) Though the doctrine of equitable tolling is available in "rare and exceptional circumstances," the Plaintiff has the

5

burden of showing both that "he has been pursuing his rights diligently" and that "some extraordinary circumstances stood in his way." *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))

Even construing the *pro se* pleadings liberally and viewing the facts in the light most favorable to the Plaintiff, Plaintiff has failed to meet his burden. Plaintiff has made no showing that he has pursued his rights diligently. (*See generally* Doc. No. 3.) Plaintiff has acknowledged that he filed his complaint after the sixty-day time period allowed but made no mention of efforts he expended to file his complaint in a timely manner. (*Id.*) Further, he failed to respond to the Commissioner's letter asking for an explanation and has not otherwise sent any other information to this Court to support an inference that he has pursued his rights diligently. (*See* Ramirez-Fisher Decl.¶ 1, 4.) Plaintiff claims that he was suffering from heart problems and liver failure and that he had a heart attack and needed to recover. (Doc. No. 3.) However, Plaintiff has not provided any documentation to support these claims except an excerpted page from a hospital discharge form that neither states what illnesses Plaintiff was hospitalized for, nor how long he had been hospitalized. (*Id.*) Plaintiff's generalized assertions and unsupported claims as to his health issues are insufficient to show the extraordinary circumstances entitling him to equitable tolling. *See Wong,* 854 F.2d at 631 ("Allowing disability claimants who have been denied benefits to toll the sixty-day period on grounds of poor health would thoroughly undermine Section 205(g)'s sixty-day limitation period."); *Ayala*, 2016 WL 4119925, at *3 (denying equitable tolling even where plaintiff argued she suffered from "a variety of illnesses and disabilities due to a stroke, and attached copies of medical records supporting her claim").

Although Plaintiff's delay was slight, his Complaint was nonetheless untimely, and he does not point to any extraordinary circumstances to excuse the delay.

Accordingly, Plaintiff is not entitled to equitable tolling of the statute of limitations. Therefore, Defendant's motion to dismiss the Complaint as time-barred is granted. *See Galage v. Colvin*, No. 15-cv-3305 (GBD) (RLE), 2015 WL 9684602, at *3 (S.D.N.Y. Oct. 23, 2015), *adopted by*, No. 15-cv-3305 (GBD) (RLE), 2016 WL 94253 (S.D.N.Y. Jan. 7, 2016) (denying plaintiff's request for equitable tolling where plaintiff neither demonstrated reasonable diligence nor pled facts constituting extraordinary circumstances for equitable tolling); *Davila*, 225 F. Supp. 2d at 340 (acknowledging that "the strict application of the traditional principles of equitable tolling seems particularly harsh" where plaintiff "filed her complaint only one day late," but holding that plaintiff's complaint was time-barred, and noting that "courts have not hesitated to enforce the [sixty]-day limit as a firm limit." (citations omitted)).

## CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss is **GRANTED**.

**SO ORDERED.**

Dated: April 26, 2019
New York, New York

*Katharine H. Parker*

KATHARINE H. PARKER
United States Magistrate Judge